UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMARIAS DONTAY CURRY,

      Plaintiff,

v.                                 Case No.:  2:25-cv-361-SPC-NPM

LEE COUNTY JAILS CORE
BUILDING,

      Defendant.

_____/

## OPINION AND ORDER

     Before the Court is Plaintiff Jamarias Dontay Curry's Complaint (Doc.

1).  Curry is a pretrial detainee in Lee County Jail, and he sues the jail under

42 U.S.C. § 1983 and the Eighth Amendment.  United States Magistrate Judge

Nicholas Mizell granted Curry leave to proceed *in forma pauperis*, so the Court

must review the Complaint *sua sponte* to determine whether it is frivolous or

malicious, fails to state a claim, or seeks monetary damages against a party

who is immune from such relief.  *See* 28 U.S.C. 1915(e)(2).

     Federal Rule of Civil Procedure 12(b)(6) provides the standard for

screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485

(11th Cir. 1997).  A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Curry alleges that he slipped on a wet floor in the jail and fell, injuring his shoulder. He was taken to a local hospital, diagnosed with a torn shoulder ligament and rotator cuff, and advised he needed surgery. While awaiting surgery, the state dropped the charges against Curry, and he never received

the treatment prescribed at the hospital.[1]  Curry requests $2.3 million in damages for medical bills and expenses, pain and suffering, and loss of wages.

The facts alleged in Curry's complaint are not sufficient to support an Eighth Amendment claim based on the fall or the medical treatment that followed.  The fall relates to the conditions of Curry's confinement.  Courts apply a two-part analysis when considering claims about conditions of confinement.  A plaintiff must establish an objective component and a subjective component.  "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up).  Curry fails to satisfy this element.  The bare allegation that a floor was wet does not establish an extreme condition that created a risk of serious damage to Curry's health.

Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654

---

[1] The Lee County Sheriff's Office website indicates Curry is back in jail on new charges.

F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). Curry does not allege any facts from which the Court could infer that an official knowingly and recklessly subjected him to a risk of serious harm.

Nor does Curry's complaint establish a claim based on his medical treatment. In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976).

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Shaw v. Allen*, 701 F. App'x 891, 893 (11th

4

Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).  As explained above, deliberate indifference is akin to subjective recklessness as used in criminal law.  *See Wade*, *supra*.

Curry established a serious medical need by alleging that medical providers at the hospital recommended surgery, and that medical providers at the jail apparently agreed because they scheduled the recommended procedure.  But Curry does not allege facts establishing deliberate indifference.  He does not allege any reckless conduct by an official that prevented Curry from receiving the recommended treatment or otherwise caused a substantial risk of serious harm to Curry's health.

The Court will dismiss Curry's complaint and give him an opportunity to amend.  If Curry files an amended complaint, he must name as defendants the specific officials who caused him harm.  It is well settled in the Eleventh Circuit that 42 U.S.C. § 1983 does not allow claims based on vicarious liability. *See Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014).  Also, an amended complaint must comply with Federal Rule of Civil Procedure 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  This rule is important.  It enables defendants to respond to each factual claim, which alerts the Court and the parties to the factual claims that are in dispute.

Accordingly, it is

**ORDERED:**

Plaintiff Jamarias Dontay Curry's Complaint (Doc. 1) **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Curry a civil-rights complaint form bearing the case number and the title "Amended Complaint." Curry may file an amended complaint by **May 28, 2025**. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on May 14, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

6