UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMARIAS DONTAY CURRY,

    Plaintiff,

v.                                            Case No.:  2:25-cv-361-SPC-NPM

LEE COUNTY JAILS CORE
BUILDING, ARMOR MEDICAL
INSURANCE, and NAPHCARE
MEDICAL INSURANCE,

    Defendant.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff Jamarias Dontay Curry's second amended complaint (Doc. 13).  Curry is a pretrial detainee in Lee County Jail, and he sues the jail, Armor Medical Insurance, and Naphcare Medical Insurance under 42 U.S.C. § 1983 and the Eighth Amendment.

Curry alleges that he slipped on a wet floor in the jail and fell, injuring his shoulder.  He was taken to a local hospital, diagnosed with a torn shoulder ligament and rotator cuff, and advised he needed surgery.  Jail medical staff scheduled a procedure with an outside orthopedic surgeon.  While awaiting surgery, the state dropped the charges against Curry.  The jail released Curry, and he never received the recommended surgery.[1]  Curry requests $2.3 million

---

[1] Curry is back in jail for allegedly violating terms of probation.

in damages for medical bills and expenses, pain and suffering, and loss of wages.

The allegations in Curry's second amended complaint are not materially different from his original complaint, which the Court dismissed for failure to state a claim:

> The facts alleged in Curry's complaint are not sufficient to support an Eighth Amendment claim based on the fall or the medical treatment that followed. The fall relates to the conditions of Curry's confinement. Courts apply a two-part analysis when considering claims about conditions of confinement. A plaintiff must establish an objective component and a subjective component. "Under the objective component, the detainee must prove that the conditions are sufficiently serious to violate the Eighth Amendment: that is, he must show that 'extreme' conditions created an unreasonable risk—one that society chooses not to tolerate—of serious damages to the detainee's future health or safety." *Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 217 (11th Cir. 2011) (cleaned up). Curry fails to satisfy this element. The bare allegation that a floor was wet does not establish an extreme condition that created a risk of serious damage to Curry's health.
>
> Under the subjective component of a conditions-of-confinement claim, the prisoner must show deliberate indifference, which has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotations and citation omitted). Deliberate indifference is akin to subjective recklessness as used in criminal law, and to establish it, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). Curry does not allege any facts from which the Court could infer that an official knowingly and recklessly subjected him to a risk of serious harm.

> Nor does Curry's complaint establish a claim based on his medical treatment. In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). "To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Shaw v. Allen*, 701 F. App'x 891, 893 (11th Cir. 2017) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). As explained above, deliberate indifference is akin to subjective recklessness as used in criminal law. *See Wade*, *supra*.
>
> Curry established a serious medical need by alleging that medical providers at the hospital recommended surgery, and that medical providers at the jail apparently agreed because they scheduled the recommended procedure. But Curry does not allege facts establishing deliberate indifference. He does not allege any reckless conduct by an official that prevented Curry from receiving the recommended treatment or otherwise caused a substantial risk of serious harm to Curry's health.

(Doc. 6 at 3-5). The Court gave Curry leave to file an amended complaint and advised, "If Curry files an amended complaint, he must name as defendants the specific officials who caused him harm." (*Id.* at 5).

Curry filed an amended complaint before he received the Court's order dismissing his original complaint. (Doc. 10). The Court dismissed it and gave Curry another opportunity to amend. (Doc. 11). Because the allegations in

3

Curry's second amended complaint are not materially different than his original complaint, it fails to state an Eighth Amendment claim for the reasons explained above.

What is more, Curry disregarded the Court's instruction to name as defendants the individual officials he believes violated his rights. Curry sues a municipality and two private companies that provide (or provided) healthcare to inmates. The healthcare entities are treated as municipalities for purposes of § 1983 claims. *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020). Thus, the defendants can only be liable if "the alleged constitutional harm is the result of a custom or policy." *Id.* "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality, and a custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* (cleaned up). Curry does not identify any custom or policy that could have caused his injury.

Accordingly, it is

**ORDERED:**

Plaintiff Jamarias Dontay Curry's second amended complaint (Doc. 1) **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record